IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| The Estate of Robert Rudolph Hutchins, Deceased, Malcolm Richard Hutchins, Personal Representative, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 4:05CV01304 RSW |
| vs. | ) ) | |
| Motel 6 Operating L.P., Previously Identified as ACCOR North America, Inc., d/b/a Motel 6 of Conway, Arkansas, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER FOR FINAL PRETRIAL CONFERENCE

**IT IS ORDERED:**

A final pretrial conference will be held before this court, on **Tuesday, April 17, 2007, at 3:00 p.m. by telephone.** The Court will initiate the telephone call. The conference shall be attended by lead counsel for each party, with authorization to bind the party on all matters addressed at the conference.

-1-

Prior to the date of the final pretrial conference, counsel shall confer in person or by telephone (not just in writing) for the purpose of preparing a joint Final Pretrial Statement and examining and marking exhibits as indicated in this Order.  **The proposed Final Pretrial Statement must be filed electronically in advance of the Final Pretrial conference.**

**Final Pretrial Statement and Stipulations**:  Counsel will jointly prepare for submission to the court at the pretrial conference a Final Pretrial Statement.  Rule 26(a)(3) disclosures shall be incorporated in the Final Pretrial Statement.

Counsel are not required to stipulate or waive anything.  They are required to confer in advance of the conference and prepare and sign a joint final pretrial statement covering the matters set out in this order for pretrial.  The joint final pretrial statement, including exhibit list, preservation of objections to exhibits, and designation of deposition testimony must be submitted to the court at the final pretrial conference.  If counsel are able to stipulate uncontested facts and stipulate admissibility of exhibits or at least waiver of foundation for exhibits, it will expedite the trial of the case.

The Final Pretrial Statement must be complete and signed by all counsel, signifying acceptance, and upon approval of the court, with such additions as are necessary, will be signed by the court as an order reflecting the final pretrial conference.

**Exhibits**: Counsel are directed to complete the physical marking and numbering of all papers and objects expected to be introduced as exhibits. The exhibits are to be marked with an exhibit sticker. All exhibits in the case are to be numbered consecutively using a "P" for plaintiff and "D" for defendant (**for example P1-P20, D31-D40, leaving a sufficient gap for unanticipated or rebuttal exhibits**), and listed in the form of the attached sample (including horizontal and vertical lines as indicated). Counsel will retain the exhibits in their possession but shall submit the list as an attachment to the Final Pretrial Statement. Counsel must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence. Each listed exhibit shall be designated as "will offer" or "may offer." Documents to be used solely for rebuttal purposes need not be numbered or listed until identified at trial.

Failure to list an exhibit required by this order to be listed or to disclose such exhibit to adverse counsel will result, except upon a showing of good cause, in the nonadmissibility of the exhibit into evidence at the trial. Each party shall make its exhibits available for inspection by other parties <u>prior</u> to the pretrial conference.

For each listed exhibit, counsel shall determine whether they will stipulate to admissibility for all purposes or at least waive foundation for the opposing party's exhibits. The court strongly encourages such agreement and

expects counsel to at least waive foundation, unless there is a strong, specific objection to a particular exhibit. Any stipulation to admissibility or waiver of foundation shall be indicated in the appropriate column on the exhibit list.

The nonoffering party shall list in the final pretrial statement any objections of that party to admissibility of exhibits listed by the offering party. Objections not so preserved (other than objections under Federal Rules of Evidence 402 and 403) shall be deemed waived unless excused by the court for good cause shown. <u>See</u> Fed. R. Civ. Pro. 26(a)(3). Timely submission of the pretrial statement will comply with the deadline in Rule 26(a)(3).

**<u>Expert Reports</u>: Copies of expert reports prepared in accordance with Rule 26(a)(2)(B) by those experts the parties anticipate calling as witnesses at trial shall be submitted to the court as an attachment to the Final Pretrial Statement. Any confidential psychological reports and other medical reports should be submitted under "seal" with the proposed final pretrial statement.**

**Failure to file the report(s) required by this order may result in the exclusion of the expert's testimony, except upon a showing of good cause. The disclosure of the report(s) shall otherwise be made by the parties in accordance with the scheduling order of the court.**

**Depositions**:  The offering party shall designate in the pretrial statement those portions of any depositions which <u>will</u> be presented at trial, and the manner in which each of those depositions was recorded.  A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation.  Timely submission of the pretrial statement will comply with the deadline in Rule 26(a)(3).

The other parties shall have **five business days** before trial to designate additional portions of any deposition appearing on the offering party's list.

Any party who objects to admissibility of deposition testimony to be offered shall have until 4 days prior to trial to file a list of objections it intends to preserve.  All other objections will be deemed waived.  Counsel shall then confer prior to commencement of the trial to edit the depositions.

As to any deposition which <u>may</u> be used only if the need arises (other than solely for impeachment purposes), the offering party shall notify the court and other parties at least 48 hours in advance that it <u>will</u> be offering the deposition at trial, and identify the portions to be offered.  The other parties shall then have 24 hours to identify additional portions and to preserve any objections to admissibility of the deposition testimony.  Objections not specifically preserved will be deemed waived.  Counsel shall then confer prior to the offering of the deposition to edit the testimony.

**Jury Instructions**: In jury cases, a joint set of jury instructions and verdict form shall be submitted to the court **five business days** prior to trial. The original shall be filed electronically with the clerk and two copies mailed to the trial judge along with a computer disk version, if possible, in WordPerfect 10 format. A party requesting an instruction upon which counsel cannot agree should submit that instruction, along with a statement of authority to the court. There is reserved to counsel the right to supplement requests for instructions during the course of the trial, or at the conclusion of the evidence, on matters that cannot reasonably be anticipated.

**Trial Memorandum**: Counsel for the respective parties shall file a trial memorandum with proof of service upon opposing counsel with the clerk, for presentment to the court, **at least five (5) days** before the commencement of trial. The trial memorandum shall contain: A general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

**Motions in Limine**: Motions in limine shall be filed prior to trial unless otherwise instructed by the court.

**Failure to Appear/Comply**: Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Dated this 6th day of April, 2007.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court

EXHIBIT LIST - - CIVIL/CRIMINAL CASE NO.
CASE TITLE:

| P/D NO. | DATE | WITNESS | DESCRIPTION | *STIPULATED | OFFERED | OBJECTION | RESERVED | OVERRULED | SUSTAINED | WITHDRAWN | RECEIVED |
|---|---|---|---|---|---|---|---|---|---|---|---|
| P - 1 | 7/14/06 | Prob. Officer Corey Kolpin | certified copies of Judgment and Amended Judgment from Stutsman County | | x | no | | | | | x |
| P-2 | 7/14/06 | Officer Troy Kelly | aerial picture of defendant's property | | x | no | | | | | x |
| P-3 | 7/14/06 | Officer Troy Kelly | cert. copy of search warrant | | x | no | | | | | x |
| P-4 | 7/14/06 | Officer Troy Kelly | CD of testimony during search warrant | | x | no | | | | | x |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

*F-Foundation only
*A-Admitted into Evidence for all purposes

Irregular Exhibits: _____

# WITNESS LIST

☐ **CIVIL CASE NO.** _____   CASE: _____

☐ **CRIMINAL CASE NO.** _____   CASE: _____

| | **PLAINTIFF** | | **DEFENDANT** |
|---|---|---|---|
| DATE | WITNESS | DATE | WITNESS |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |
| | NAME: | | NAME: |
| | CITY: | | CITY: |
| | | | |